## HENRY SMITH v. THE STATE.

### No. 4132. Decided December 12, 1908.

### Rehearing Denied March 20, 1909.

**1.—Assault to Murder—Continuance—Affidavit.**

Where upon motion for new trial, after conviction of assault to murder, the absent witness for whom a continuance had been asked stated in his affidavit to said motion that if present he would not have testified as set up in defendant's application for continuance, there was no error in overruling the motion.

**2.—Same—Second Application.**

Where upon trial for assault to murder defendant's second application for continuance did not show reasonable diligence, the same was correctly overruled.

**3.—Same—Evidence—Reputation of Party Injured—Statutes Construed.**

Where upon trial for assault to murder the defendant had testified to certain communicated threats against him, by the injured party, there was no error in permitting the State to introduce in evidence the general reputation of the party injured. Article 713, Penal Code, applies as well to cases of assault to murder as to cases of murder.

Appeal from the District Court of Robertson. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Bailey, Woods & Morehead,* for appellant.—On question of general reputation of party injured: Graves v. State, 14 Texas Crim. App., 113; Jones v. State, 52 Texas Crim. Rep., 206, 106 S. W. Rep., 126; Morrison v. State, 37 Texas Crim. Rep., 601; Pratt v. State, 53 Texas Crim. Rep., 281, 109 S. W. Rep., 143; Casey v. State, 50 Texas Crim. Rep., 392, 97 S. W. Rep., 496; Kipper v. State, 45 Texas Crim. Rep., 377, 77 S. W. Rep., 616.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Robertson County on a charge of assault with intent to murder one Scott Phillips. On trial he was convicted and his punishment assessed at confinement in the penitentiary for a period of ten years. When the case was called for trial appellant made an application for continuance on account of the absence and for the want of the testimony of two witnesses, Jim Rains and Fred Rumbeck, both of whom are alleged to reside in Robertson County. We think that the application is not sufficient as to Jim Rains, for the reason that on motion for new trial an affidavit was filed by the said Rains to the effect, in substance, that he would not, if present, have testified to the matters set up in defendant's application, nor were said statements true. We think the application was insufficient as to Fred Rumbeck for the reason that the proof taken on the hearing shows as a matter of fact that this witness was never subpoenaed, and that this fact was known soon after the prosecution was instituted, to appellant. The application for a continuance, under consideration, was a second application. At a former term of the court an application had been made for continuance on account of the witness Rains. It appeared at that term of the court, that while the subpoena for Fred Rumbeck was returned as served on him, as a matter of fact it was not served, and while the process was yet in the hands of the sheriff, appellant said to him that he need not delay matters or trouble himself about serving a subpoena on Rumbeck; that he, appellant, would see personally as to his appearance as a witness. At the second term of the court several months thereafter, the witnesses, including Rumbeck, not appearing, appellant asked for an attachment for them, including Rumbeck, which for some reason was not served, although it appears that Rumbeck was in the county at the time and reasonable diligence might have obtained his attendance. In view, however, of the fact that no subpoena

had ever been served on Rumbeck, and he was under no obligation to attend as a witness, and that this fact was known, at the preceding term, to appellant, it seems to us that he was in no condition to ask or demand a continuance on account of the absence of this witness.

Complaint is made of the admission by the court of evidence as to the general reputation of the party injured, Phillips. The matter arose in this way. The appellant had testified to certain threats which he stated had been communicated to him by Rumbeck and Rains on the part of Phillips to kill him. There were no witnesses to the difficulty except Phillips. In view of the threats claimed by appellant to have been made by deceased, the State, under article 713, of the Penal Code, offered in evidence proof of the general reputation of Phillips as to whether he was a man of violent, dangerous character or a man of kind and inoffensive disposition. Article 713 is as follows: "Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the offense unless it be shown that at the time of the homicide the person killed by some act then done manifested an intention to execute the threat so made. In every instance where proof of threats has been made it shall be competent to introduce evidence of the general character of the deceased. Such evidence shall extend only to an inquiry as to whether the deceased was a man of violent or dangerous character or a man of kind and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made." It is obvious that the testimony here introduced does not come within the letter of this statute for the reason that the person assaulted was not killed and the case does not, therefore, come within the statute which seems to apply in its language to a case where the person assaulted died, but it seems clear to us that the evidence sought to be introduced does come within the spirit of this statute, and that in a case where an assault is claimed to be unlawfully made and is sought to be justified on the ground of self-defense, superinduced by communicated threats, that in arriving at the truth of this contention it should be permissible to introduce evidence of the general reputation of the person assaulted. In this case the parties were well acquainted, lived in the same neighborhood and presumably appellant was acquainted with the reputation and character of Phillips in the respects mentioned. We think, after all, the statute is but declaratory of a general rule and to limit it to cases of actual death of the person assaulted, would be to nullify its salutary provisions. We think, therefore, and so hold that this testimony was admissible.

The other questions raised in the case are not of important character, nor of such gravity as to demand discussion. We think there

was no error committed in the trial of the case, and that the judgment should be as it is, in all things, affirmed.

*Affirmed.*

[Rehearing denied March 20, 1909.—Reporter.]