ERNEST DAVIS V. THE STATE.

No. 11593.   Delivered May 2, 1928.

**Assault to Murder—Threats—General Reputation of Assaulted Party—
      Admissible.**

   Where on a trial for an assault with intent to murder, threats against
appellant having been shown, under Art. 1258 P. C. of 1925, evidence of
the general reputation of the assaulted party for being a dangerous and
violent character, or otherwise, was properly admitted. This statute applies
to an assault to murder as well as to a case of homicide, and the proof is
available to either the state or the defendant.  See Russell v. State, 11
Tex. Crim. App. 291; Bingham v. State, 6 Tex. Crim. App. 169, and other
cases cited; also Branch's Ann. P. C., Sec. 2095, Subd. 3.

   Appeal from the Criminal District Court of Harris County.
Tried below before the Hon. Whit Boyd, Judge.

   Appeal from a conviction for an assault with intent to murder,
penalty five years in the penitentiary.

   The opinion states the case.

   *B. L. Palmer* of Houston, for appellant.

   *A. A. Dawson* of Canton, State's Attorney, for the State.

   MORROW, PRESIDING JUDGE. — The offense is assault with
intent to murder, punishment fixed at confinement in the peni-
tentiary for a period of five years.

   The evidence is quite sufficient to support the conviction.  In
his testimony appellant declared that there had been a difficulty
on the day preceding that upon which the present offense is
charged to have taken place.  According to the appellant, in
the previous difficulty Will Evans, the injured party, was the
aggressor and wanted to fight.  When the appellant declined to
fight, Evans said that he would knock the appellant's brains out
before night.  On the next day, according to appellant, while he
was engaged at work, Evans interfered, struck him with a
rope, and with an oath said: "I told you I was going to run off
from here." These acts of Evans were accompanied by a demon-
stration, that is, by running his hand in his pocket. Knowing
that Evans carried a knife, the appellant interpreted the act
mentioned as evidencing an intention to carry the previous
threats into execution.

   The court instructed the jury on the law of self-defense, and
in a separate paragraph instructed them upon the law of threats
as set forth in Art. 1258, P. C. 1925, in which it is said:

   "In every instance where proof of threats has been made, it
shall be competent to introduce evidence of the general character

of the deceased. Such evidence shall extend only to an injury as to whether the deceased was a man of violent or dangerous character, or a man of kind and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made."

On the trial an inquiry was made touching the general reputation of the injured party as a violent and dangerous man, or to the contrary. The complaint of the receipt of this testimony is without merit. It was admissible under the statute and available to the state, as well as accused. Russell v. State, 11 Tex. Crim. App. 291, and cases in Branch's Ann. Tex. P. C., Sec. 2095, Subd. 3. Appellant had testified to threats and received the benefit of it in the charge of the court. By virtue of the same statute it was competent to prove the general reputation of the injured party in the particular named, that is, the statute applies to an assault with intent to murder as well as to a case of homicide. See Art. 1258, Vernon's Ann. Tex. P. C., 1925, Vol. 2, p. 491, note 3; also Bingham v. State, 6 Tex. Crim. App. 169; Smith v. State, 55 Tex. Crim. Rep. 628; Bussey v. State, 69 Tex. Crim. Rep. 98.

The judgment is affirmed.　　　　　　　　　　*Affirmed.*